## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

THEODORE OLSON,                          :
                                         :
              Plaintiff,                  :
                                         :
v.                                       :          CASE NO. 3:16-CV-57-MSH
                                         :              Social Security Appeal
NANCY A BERRYHILL,                       :
Commissioner of Social Security,         :
                                         :
              Defendant.                  :
_____

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability insurance benefits and Supplemental Security Income (SSI), finding that he is not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that he suffers from an

---

[1]     Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2]     In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

**ISSUES**

I.     **Whether the ALJ properly evaluated Plaintiff's credibility.**

II.    **Whether the ALJ properly evaluated Plaintiff's mother's testimony.**

III.   **Whether the ALJ properly evaluated Plaintiff's limitations related to his obesity.**

## Administrative Proceedings

Plaintiff Theodore Robert Olson III filed an application for supplemental security income on August 24, 2012 alleging disability commencing June 1, 2005.  His claim was denied initially on November 20, 2012 and on reconsideration on February 15, 2013.  On April 11, 2013 he filed a written request for an evidentiary hearing before an administrative law judge (ALJ) and the hearing was conducted on December 1, 2014. Plaintiff, represented by counsel, appeared at the hearing and gave testimony.  Tr. 21.  An impartial vocational expert (VE) also testified.  *Id*.  The ALJ issued an unfavorable decision on January 29, 2015.  Tr. 18-33.  Plaintiff next sought review by the Appeals Council on February 11, 2015, but was denied on April 25, 2016.  Tr. 14-17; 1-6.  Having exhausted the administrative remedies available to him under the Social Security Act, Plaintiff now seeks review of the final decision by the Commissioner.

## Statement of Facts and Evidence

On his application date, Plaintiff was thirty-five years old.  He has a high school diploma and completed two years of college.  He previously worked as a truck driver and a tattoo artist.  Tr. 199, 27, 45, 214.  He alleged that he is disabled to work due to bipolar disorder, depression, post-traumatic stress disorder (PTSD), poor circulation, cellulitis,

sleep disorder, diabetes, obesity, and fracture and pinched nerve in the back. Tr. 213, 266, 311.

In conducting the five-step sequential analysis, the ALJ found at step two that Plaintiff has severe impairments of diabetes, obesity, lumbar radiculopathy, and major depressive disorder. Finding No. 3, Tr. 23-24. At step three, he determined that these impairments—considered both alone and in combination with one another—neither meet nor medically equal a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding No. 3, Tr. 23-24. Between steps three and four, the ALJ formulated a residual functional capacity assessment (RFC) which permits Plaintiff to engage in sedentary work as defined in 20 C.F.R. § 416.967(a) with added nonexertional restrictions. Finding No. 4, Tr. 25. At step four, he found that Plaintiff's restricted RFC prevents him from returning to any past relevant work. Finding No. 5, Tr. 27. In the step-five analysis, a VE was given hypothetical questions posed by both the ALJ and Plaintiff's counsel and testified that Plaintiff could work in jobs available in the national economy as a document preparer, printed circuit board screener, or lens inserter. Finding No. 9, Tr. 27-28. The ALJ therefore found Plaintiff not disabled. Finding No. 10, Tr. 28.

## DISCUSSION

In his brief before the Court, Plaintiff asserts three errors. He first argues that the ALJ discounted his credibility without cause and without setting forth reasons for doing so. Next, he contends the ALJ failed to evaluate testimony by a lay witness—Plaintiff's mother. Third, Plaintiff asserts the ALJ erred in how he evaluated limitations resulting from Plaintiff's obesity. Pl.'s Br. 1-2, EFC No. 13. The Commissioner responds that

substantial evidence supports the ALJ's credibility findings and the manner in which he considered the testimony of the witnesses, and that his formulation of Plaintiff's RFC adequately accounts for Plaintiff's obesity. Comm'r's Br. 1, 4, 11-12, ECF No. 14.

## I.    Did the ALJ properly evaluate Plaintiff's credibility?

The ALJ found that Plaintiff's subjective complaints of pain and other symptoms were "not entirely credible." Tr. 26. The ALJ employed the correct two-step process required by the Commissioner's regulations and rulings in 20 C.F.R. § 416.929 and SSRs 96-4p and 96-7p. Tr. 25. The ALJ gave three reasons for his finding: (1) the medical evidence does not reveal disabling limitations; (2) there is no evidence of regular medical attention, but instead only "minimal and sporadic" treatment mostly at emergency rooms; and (3) Plaintiff's daily routine and activities belie his complaints, especially as to depression. Tr. 25-26. The ALJ is correct.

A review of the medical records and the ALJ's written decision shows that the ALJ considered the record as a whole and applied proper legal standards. When an ALJ discredits subjective testimony as to pain or other symptoms, he must articulate explicit and adequate reasons for doing so. *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987). When the ALJ does so, a court cannot reweigh the evidence but must give substantial deference to the Commissioner's decision. *Dyer*, 395 F.3d at 1206. Plaintiff's reliance on *Mace v. Comm'r of Soc. Sec.*, 605 F. App'x 837 (11th Cir. 2015) is misplaced. *Mace* requires an ALJ to consider that certain impairments produce symptomology that is inconsistent over time, expressed as "good and bad days." *Id.* at 844. The ALJ must weigh the evidence in light of functional abilities in a home setting as opposed to the

demands of the workplace. *Id.* at 843. The record here shows a wide range of daily activities over a sustained period of time. These activities include travel to other states, driving, reading, using computers, shopping, managing money, and child care. Tr. 287-302. The ALJ did not isolate a single day or period of time nor did he focus on a single activity. He considered the record evidence as a whole. There is no error in the way the ALJ evaluated Plaintiff's subjective complaints of pain and other symptoms.

## II.     Did the ALJ properly evaluate Plaintiff's mother's testimony?

Plaintiff asserts that the ALJ did not evaluate the evidence given by his mother in the form of a Third-Party Function Report in November 2012. Her statements, however, are cumulative to the statements and testimony of Plaintiff as to his daily activity and symptomology. As such, her statements were clearly rejected by the ALJ in so far the statements purportedly show that Plaintiff has pain and discomfort so severe that he is unable to work. This is not error. *Osborn v. Barnhart*, 194 F. App'x 654, 666 (11th Cir. 2006)(" Even if the ALJ fails to make an explicit credibility determination as to a family member's testimony or statements, however, we will not find error if the credibility determination was implicit in the rejection of the claimant's testimony.").

## III.    Did the ALJ properly evaluate Plaintiff's limitations related to his obesity?

In his third and final enumeration of error, Plaintiff argues that the ALJ did not properly evaluate limitations resulting from Plaintiff's obesity. In his brief, Plaintiff appears to have conflated two previous decisions by the Court into a single, erroneous citation of authority. He purports to rely on this Court's prior decision in *Taylor v. Astrue*, 5:09-cv-146-HL, 2010 WL 2197279 (M.D. Ga. June 1, 2010). However his

Westlaw citation is, in fact, to this Court's decision in *Thomas v. Barnhart*, 5:06-cv-6-HL, 2008 WL 822514 (M.D. Ga. March 26, 2008). Both cases discuss obesity and resulted in remand because of error in the ALJ's evaluation of obesity.

In *Thomas*, the Court found that "the ALJ's decision does not discuss or even mention obesity." *Thomas*, 2008 WL 822514, at *2. That is not the case here. The ALJ found obesity to be a severe impairment. Finding No. 2, Tr. 23. He further noted that obesity and back pain were found in a November 2011 consultative examination report. Tr. 25-26. The ALJ thus did not err under the ruling in *Thomas*.

In *Taylor*, the Court remanded a claimant's case to the Commissioner, finding that "the ALJ did not consult medical evidence or the vocational expert in determining (claimant's) ability to work coupled with obesity." *Taylor*, 2010 WL 2197279, at *5. In the instant case, the ALJ expressly considered what little medical evidence there was as to the limiting effects of obesity. In the November 2011 consultative examination, Amita Oza, M.D. noted Plaintiff's weight and height and characterized him as morbidly obese. Ex. 8F, Tr. 443. Dr. Oza also found that "he should be able to do something in a sedentary position with frequent change in position." Ex. 8F, Tr. 444. The ALJ gave Dr. Oza's findings "great weight." Finding No. 4, Tr. 27. So the ALJ clearly complied with this Court's decision in *Taylor* requiring an ALJ to consider medical evidence of obesity.

A review of the hypotheticals posed by the ALJ to the VE at the evidentiary hearing show that he fully credited Dr. Oza's finding that Plaintiff's obesity limits him to only sedentary work and further limits him to postural changes every fifteen minutes. The hypothetical questions are premised exactly according to Dr. Oza's clinical findings

at the conclusion of his report. Tr. 52-54, 444. Having consulted both the medical evidence and the VE in determining Plaintiff's ability to work, coupled with his obesity, the ALJ fully complied with the Court's *Taylor* holding and there is no merit in Plaintiff's third asserted error.

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 10th day of May, 2017.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE